UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIVIA JENEEN STRICKLIN, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 21-cv-04511-SI <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO SUPPRESS** <br><br> Re: Dkt. No. 16, 20 |

### I. MOTION TO DISMISS

On November 23, 2021, defendant filed a motion to dismiss plaintiff's complaint arguing (1) plaintiff's complaint fails under Federal Rule of Civil Procedure 12(b)(6) because the causes of action are not supported by requisite and specific facts; (2) plaintiff's complaint is barred by res judicata; and (3) plaintiff's complaint fails under Federal Rule of Civil Procedure 12(e) because the complaint is "so vague the defendant cannot discern the nature of plaintiff's claims." Dkt. No. 16 at 5 and 7[1] (Motion to Dismiss). The motion is GRANTED with leave to amend.

Plaintiff alleges she resides in Monterey, California and states she "sought federal support during December 2013 (January 2014) with contract and employment inquiry." Dkt. No. 1 at 3. Plaintiff's complaint alleges seven causes of action, namely:

(1) 42 U.S.C. 1981 – Damages in Cases of Intentional Discrimination;

(2) 42 U.S.C. 1983 Title VI;

(3) 42 U.S.C. 1983 Title VII – Disparage Retaliation Impact;

(4) 5 U.S.C. 552(a)(b) – Defendants Disclosure Social Security Number Beyond the Limits

---

[1] For ease of reference, page number citations refer to the ECF branded number in the upper right corner of the page.

Set Unlawful Publication Negligence Per Se;

(5) 5 U.S.C. 552a(g)(4) – Uncontroverted Evidence of Distress Negligence Per Se;

(6) 5 U.S.C. 552a(g)(1) (A)-(D) – Civil action for Agency Separate Misconduct, Intentional Deficient Management for Adverse Determination; and

(7) California Deceptive Unlawful Consumer Interfering – Negligence Per Se Civil Code 1770, 1780 and 1781.

Plaintiff alleges:

This claim relates to The Public Health and Welfare Prohibitions Against, Exclusions from Participation in Denial of Benefits where I Alivia Stricklin submitted a lively claim to the Federal Tort Claims Office Norfolk, Virginia. (Dkt. No. 1 at 2).

Alivia Stricklin between 1980 and 2001 worked with private businesses, higher education, technical firms and sub-contracted in a number of areas. In violation of 42 U.S.C. 1981 I informally complained to the federal military in writing (based on the fact this all originated with the United States Naval Reserve ... unreasonable interferences (income opportunities career, business and why this individual would be doing so?" The pre-litigation posture of "not provisioning private minority community" is this claim. (Dkt. No. 1 at 4).

The Defendants took custody of "fourteen" 14 listed contract career commitments ... type-written (mailed USPS for interview), to owners. Stricklin believes the management team tampered by approaching business/firms educational witnesses. Once a certain number of facts were collected, key or principal team member(s) blocked delivery of results ... Plaintiff based on race, gender, national origin. The project players during the inquiry came face to face ugly testimony, hearsay character destructive lies. The lies obscenity and deliberate racial profiling labeling, this whole claim still doesn't really make since to me. (Dkt. No 1 at 4)

The entities were allowed to profit, gain promotion, thus leveraging success against creating consumer deception. Second legal issue causation is intentional deprivation of collected discovery set on a fixed time-clock ignoring the Statute of Limitations. Under any First Amendment redress the federal government derived at some point typical concoction of "race-baited stereotype typical history" they went with the original Defendants story about Black American women being unchaste? And while manipulation in their respective custody members inched their way out of delivering any due process, equal protection and violation of 42 U.S.C. § 2000e-5(b). The investigators went out and spoke with "unknowns" then shifted work commitment to support hearsay lies of what was fed through conversation? The rules of 42 U.S.C. § 2000e-5(b) require that all charges shell be in writing under oath and affirmation. (Dkt. No. 1 at 4-5)

Your Honor I a private citizen relied on the government to stay close to the website marking and program design advertisements. The system or government practice separate unequal opportunities. They will not reach you to discuss your claims. My problem they secretly abandoned advertised parameters of Victim/Help website. The harm is intentional … abandonment of resolving the evidence issue, turns out to be a … pretext to eliminate the government being sued. The fourteen contractors submitted by mail received no attention or "customer care" services. That does not

answer for the many years of damages and injuries created by a government usurper is not known and extremely criminal in nature. The minority community unlawfully attacked in Plaintiff's name, including year of unlawful federal record surfing … carious databases and law enforcement databases, including years of "federal" strange/military interruption morbidly defaming and false lighting my lifestyle. Congress intends that Title VI Civil Rights Act opportunities of 1866 (1981) imposed on minorities optimistically as equal protection. (Dkt. No. 1 at 5)

All programs implemented for private citizens require some accounting measurement and preservation of factual discovery. Stricklin, movant and Plaintiff since December 2013 was damaged as a result of an adverse chosen impractical "pre-investigation" federal objective. (Dkt. No. 1 at 15)

First, plaintiff is barred from bringing claims that have already been dismissed in her previous 2017 action in this court, *Strickland v. U.S.,* No. 17cv4733. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) ("Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised or could have been raised in a prior action.") (emphasis in original omitted; internal quotations omitted). Thus, she must amend her complaint to only include claims and facts that were not at issue in case number 17cv4744.

Second, the claims must not fall outside the statute of limitations – in other words, the claims must not be barred because they are too old. It is not entirely clear what plaintiff is alleging, but the most recent event alleged in the complaint seems to have taken place in 2017. Dkt. No. 1 at 6 ("During the year 2017 the Plaintiff made contact with Federal Tort Claims headquarters."). The statute of limitations for § 1983 claims, for example, is two years,[2] meaning plaintiff's § 1983 claims would be time barred if they arise from events taking place in 2017.

Third, "plaintiff must demonstrate a basis for federal subject matter jurisdiction and must allege sufficient facts from which to conclude that governmental immunity is not applicable to the instant action. In addition, plaintiff must allege separate causes of action, must state a constitutional or statutory basis for each cause of action, and must allege facts showing each defendants' wrongful acts alleged in each cause of action, as well as plaintiff's harm or injury." *Mann v. F.B.I.*, No. 07-

---

[2] As set forth in *Hardin v. Straub*, 490 U.S. 536 (1989), "Congress [has] determined that gaps in federal civil rights acts should be filled by state law, as long as that law is not inconsistent with federal law." *Id*. at 538. As Congress has not created a statute of limitations for § 1983, "[l]imitations periods in § 1983 suits are to be determined by reference to the appropriate state statute of limitations and the coordinate tolling rules." *See id*. (internal quotation and citation omitted). For § 1983 claims filed in California, the appropriate statute of limitations is California's two-year statute of limitations. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).

3506 PJH, 2007 WL 3101320, at *2 (N.D. Cal. Oct. 22, 2007). Plaintiff must clearly state the who, what, when, where, why, and how of her claims. She must provide specific facts and explain what happened in support of her causes of action. Some, but not all, questions plaintiff needs to address include: What did she do? What does she allege defendant did or failed to do? If she is alleging a discrimination claim, why was she discriminated against? When did the underlying events occur? The complaint should tell the story of what she alleges happened to her and provide the reader with a chronology of what happened. As currently plead, it is not clear what allegedly happened to plaintiff or what her claims are.

**Plaintiff may file an amended complaint on or before April 1, 2022**. Failure to file an amended complaint will result in the dismissal of this action. Failure to file a complaint that complies with the requirements outlined above will likewise result in the dismissal of this action.

## MOTION TO SUPPRESS

On December 23, 2021, plaintiff filed a motion to suppress seeking to prevent consideration of her previous case against the government (17-cv-4744). Dkt. No. 20 (Motion to Suppress). Plaintiff's motion is DENIED. It is proper, and indeed common, for courts to take judicial notice of other court actions. *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

**IT IS SO ORDERED**.

Dated: February 28, 2022

_____
SUSAN ILLSTON
United States District Judge

4