UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIVIA JENEEN STRICKLIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Case No. 21-cv-04511-SI<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 30, 31 |

On February 28, 2022, the Court GRANTED defendant's motion to dismiss plaintiff's original complaint. Dkt. No. 28. In its order, the Court detailed, with great specificity, the deficiencies of plaintiff's complaint and what she would need to plead to cure them. *Id*. at 3-4. The Court granted plaintiff leave to amend and stated "[f]ailure to file a complaint that complies with the requirements outlined above will likewise result in the dismissal of this action." *Id*. at 4. On March 31, 2022, plaintiff filed her First Amended Complaint ("FAC"), and on April 14, 2022 defendant filed a renewed motion to dismiss. Dkt. No. 29 (FAC); Dkt. No. 31 (MTD). The Court finds this matter suitable for resolution on the papers and therefore, pursuant to Civil Local Rule 7-1(b), VACATES the May 27, 2022 hearing.

For the reasons outlined below, plaintiff's FAC fails to cure the previous fatal deficiencies identified by defendant and the Court. As such, as explained below, the Court **GRANTS** defendant's renewed motion to dismiss. Plaintiff's FAC is **DISMISSED WITH PREJUDICE**.

## BACKGROUND

Like her original complaint, plaintiff's FAC is difficult to follow, at best. Plaintiff appears to challenge the Navy's processing of her administrative claim under the Federal Tort Claims Act,

alleging: "[t]he Federal Tort custodians took custody of plaintiff's request 2013 December, but with no effort to finalize anything. With submission of 1 1/2 page application the Federal SF-95 received no status check, feedback, unresponsive." Dkt. No. 29 at 3. While plaintiff's FAC includes allegations regarding a 2013 claim, plaintiff has also referenced a 2017 administrative claim. *Compare* Dkt. No. 29 at 4-5 (FAC) *with* Dkt. No. 1-1 at 2-3 (Original Complaint) (evidencing a 2017 administrative claim).

Plaintiff's FAC alleges four claims, namely violations of:

(1) 42 U.S.C. § 1981;

(2) 42 U.S.C. § 1983 (or possibly Title VII);

(3) the Privacy Act, 5 U.S.C. § 522a; and

(4) California's Consumers Legal Remedies Act, California Civil Code ¶¶ 1750 et seq.

Dkt. No. 29 at 6-10 (FAC).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume that the plaintiff's allegations are true and draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding *pro se*, the Court has an obligation to "construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, *pro se* pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). If the Court dismisses the complaint, it must then decide whether to grant leave to amend.

## DISCUSSION

Defendant's renewed motion to dismiss argues plaintiff's action should be dismissed with prejudice in its entirety for four reasons: (1) none of plaintiff's claims are viable against the United States due to sovereign immunity; (2) the FAC is barred by *res judicata*; (3) plaintiff's claims are barred by the applicable statues of limitations; and (4) the FAC should be dismissed under FRCP 12(e) for being indiscernible. Dkt. No. 31 (MTD). The Court agrees with defendant on all counts.

The FAC fails to allege facts establishing a basis for liability of a federal actor for both plaintiff's federal[1] and her state law[2] claims.

The FAC is barred by res judicata. In the Court's previous order granting the first motion to dismiss, the Court specifically stated:

---

[1] *See Gearhart v. United States Dep't of Educ.*, No. 19-CV-00750-YGR, 2019 WL 3290755, at *2 (N.D. Cal. July 22, 2019) (§ 1983 not applicable to federal government) (citing *Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008)); *Lee v. Hughes*, 145 F.3d 1272, 1277 (11th Cir. 1998) ("Section 1981 provides a cause of action for individuals subjected to discrimination by private actors and discrimination under color of state law, but does not provide a cause of action for discrimination under color of federal law."); *Strong-Fisher v. LaHood*, 611 F. Supp.2d 49, 53 (D.D.C. 2009) ("[T]he plain language of § 1981 supports the conclusion that instrumentalities of the federal government may not be sued under § 1981."); *Harrison v. Potter*, 323 F.Supp. 2d 593, 604 (S.D.N.Y. 2004) ("[A] plain reading of §§ 1981 and 1983 indicates that these statutes do not apply to the federal government.").

[2] *Brown v. Bode Constr.*, No. 16-CV-01148-JSC, 2016 WL 1588382, at *3 (N.D. Cal. Apr. 20, 2016) ("[T]he United States [has not] consented to be sued under state unfair competition laws."); *see also A.C.L. Computers & Software, Inc. v. United States*, No. 16-CV-01485-SK, 2017 WL 6060267, at *4 (N.D. Cal. Mar. 13, 2017), ("Nor has the United States waive[d] its sovereign immunity to be sued under California's Unfair Competition Law."), *aff'd*, 727 F. App'x 376 (9th Cir. 2018).

3

First, plaintiff is barred from bringing claims that have already been dismissed in her previous 2017 action in this court, *Strickland v. U.S.,* No. 17cv4733. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) ("Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised or could have been raised in a prior action.") (emphasis in original omitted; internal quotations omitted). Thus, she must amend her complaint to only include claims and facts that were not at issue in case number 17cv4744.

Dkt. No. 28 at 3 (Order Granting MTD Original Complaint). Plaintiff has not included any operative facts post-dating her prior lawsuit giving rise to a claim against the United States or the Navy. As such, her claims are barred.

Finally, plaintiff's claims are barred by applicable statues of limitations. Plaintiff's FAC seems to describe events from 1986-2017. Dkt. No. 29 at 4-5 (FAC). All four of her claims are therefore time barred. *Willis v. Baziak*, No. 97-CV-3031-SI, 1998 WL 118183, at *1 (N.D. Cal. 1998) ("Claims brought pursuant to 42 U.S.C. § 1981 are governed by California's one-year statute of limitations for personal injury actions."); *Hsu v. Donahoe*, No. 5:13-CV-02253-PSG, 2014 WL 1153912, at *3 (N.D. Cal. 2014) ("The Ninth Circuit has clearly held that the Privacy Act requires plaintiffs to bring suit within two years from the date on which the cause of action arises."); *Santos v. Carmax Bus. Servs., LLC*, No. 17-CV-02447-RS, 2017 WL 11002027, at *2 (N.D. Cal. 2017) (California's Consumer Legal Remedies Act has a three-year statute of limitations).

## CONCLUSION[3]

For the reasons stated above, the Court **GRANTS** defendant's renewed motion to dismiss. Plaintiff's FAC is hereby **DISMISSED WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED**.

Dated: June 9, 2022

SUSAN ILLSTON
United States District Judge

---

[3] On April 5, 2022, plaintiff filed a motion to appoint counsel. Dkt. No. 30. In this document plaintiff argues her civil case constitutes "exceptional circumstances" for which the Court should appoint a pro-bono attorney. Dkt. No. 30 at 2. The Court finds plaintiff's request futile due to the fatal flaws of her FAC described above. Plaintiff's motion to appoint counsel is therefore **DENIED**.

4